HENRY C. MYERS, SECRETARY OF STATE, *v.* THE STATE, EX REL. FRANK MARTIN.

1. MANDAMUS. *Defense. Swamp land patent.*
   Claim of title in a stranger to the record is no defense to a proceeding by mandamus to compel the secretary of state to issue a patent to a purchaser of swamp land.

2. SAME. *Practice. Trial in vacation.*
   The proceeding is not a matter affecting the public interest which, under Code 1880, §§ 2542, 2551, can be instituted in the name of the State or tried in vacation.

APPEAL from the decision of Hon. T. J. WHARTON, Judge of the Ninth Judicial District, in vacation, awarding a writ of mandamus to compel the issuance of a patent for swamp land, as asked in the petition of the State of Mississippi, by Henry S. Foote, District Attorney, at the relation of Frank Martin. The statements of the petition, which were admitted by the answer of Henry C. Myers, Secretary of State, are set forth in the opinion of the court.

*T. C. Catchings,* Attorney General, for the appellant.

*E. D. Clark,* for the appellee, argued orally and in writing.

The corporation which was created to receive, as a remuneration from the State, the Pearl River swamp lands (Acts 1871, p. 482), instead of improving the river as agreed, attempted to pay for the lands (Acts 1873, p. 120), and failing in this the lands became subject to purchase (Acts 1877, p. 33) and the property of the State as they were originally. (Acts 1852, p. 99.) Under the statutes the secretary of state is compelled to issue the patent, when the certificates of the commissioner and treasurer are produced showing that the applicant has located and paid for swamp land. A purchaser from the Pearl River Improvement and Navigation Company has no better title than the corporation had. This title can be collaterally impeached. *Smelting Co.* v. *Kemp,* 104 U. S. 636; *Steel* v. *Smelting Co.,* 106 U. S. 447; *Van Wyck* v. *Knevals,* 106 U. S. 360. Title fraudulently or illegally obtained from the government is void. *Stoddard* v. *Chambers,* 2 How. (U. S.) 284; *Brown's Lessee* v. *Clements,* 3 How. (U. S.) 650; *Polk's Lessee* v. *Wendell,* 9 Cranch 87. The same rule has long prevailed in this State. *Dixon* v. *Porter,* 23 Miss. 84; *Jackson* v. *Dilworth,* 39 Miss. 772; *Clements* v. *Anderson,* 46 Miss. 581. In cases of the delegation of power by legislative act, the statute must be strictly complied with. An administrator's sale is void, although directed by statute, unless the law is complied with. *Williamson* v. *Williamson,* 3 S. & M. 715. This is held in all cases. *Supervisors* v. *Paxton,* 57 Miss. 701 ; *Woodruff* v. *Okolona,* 57 Miss. 806; *Buchanan* v. *Litchfield,* 102 U. S. 278; *Parkersburg* v. *Brown,* 106 U. S. 487. Baldwin has no title, for the power, if one existed, was not properly exercised. *Nalle* v. *Fenwick,* 4 Rand. 585. This claim is no obstacle to granting the relief.

CHALMERS, J., delivered the opinion of the court.

The relator seeks by mandamus to compel the secretary of state to deliver to him a patent for two hundred and forty acres of swamp and overflowed land in Hancock County, alleging that the land belongs to the State, that he has paid to the proper officer the legal price therefor, and that it is the duty of the secretary of state to execute and deliver to him a patent for the same. The secretary refuses compliance with this demand upon the ground that the land does not belong to the State, but is the property of one Baldwin, who has put upon record a deed thereto derived from a corporation which formerly existed in this State known as the Pearl River Improvement and Navigation Company, which claimed title through and by virtue of two acts of the legislature recited in the pleadings, the terms and conditions of which said company claimed to have complied with. The relator contends that the terms of said acts were never complied with by the corporation, that the land still belongs to the State, and that he is legally entitled to purchase the same; so that the real question at issue is whether the land belongs to the State or to Baldwin, the grantee of the Pearl River Improvement and Navigation Company.

Baldwin is not a party to the proceeding, nor can he be made such to this action of mandamus against a State officer; but this constitutes no objection to the relief here sought. If the land belongs to the State the relator is entitled to buy it, and by mandamus to compel the delivery to himself of a patent. Armed with this, he can, by appropriate action, implead Baldwin and litigate with him the strength of their opposing titles. Without it he is powerless to attack Baldwin in any way, and though a decision in this case as to the validity of the latter's title will not be *res adjudicata* as to him, this constitutes no objection to a consideration of it here, since such consideration is essential to the determination of the relator's right to compel action by the secretary of state.

If, therefore, the relator had brought this suit as a private person in the lower court, and it had been there tried and adjudged as such, it would be our duty to investigate the validity of Baldwin's title, though he is no party to the proceeding. But the action has not

been so brought nor tried in the lower court.   On the contrary, it is brought by the district attorney in the name of the State of Mississippi, on the relation of Frank Martin, the real plaintiff, and has been tried in vacation, as is permissible only when the litigation is as to a "matter affecting the public interest."   Code 1880, §§ 2542–2551.   If it is not a "matter affecting the public interest" but a mere private litigation, the trial in vacation was a nullity, and the case is to be regarded as still pending and undetermined in the lower court.   It is, we think, manifestly a private litigation, and could not have been made a public one.   This is apparent if we consider the case as having been brought by the State in its own name, and without the intervention of any relator to compel its own officer to issue a patent to a person who might apply for land, which is now in the possession, real or constructive, of Mr. Baldwin. Such a suit would be nothing more than an attempt on the part of the State, by a suit against its own officer, to establish its own title; and while it cannot be denied that the State may by mandamus compel any of its officers to discharge any duty legally imposed upon them, no court would entertain such a proceeding where the manifest purpose was to adjudicate title.   If the State owns this land there are many ways by which it may establish its title in a direct proceeding against the adverse claimant.   If any citizen desires to buy and assert the State's title it will sell the title to him, and compel the officer to deliver him a patent if, upon investigation, it is adjudged to be State property; but the necessary litigation for that purpose must be in the purchaser's name.   The State cannot lend its name, and thereby give him exceptional advantages, except where his suit is really a "matter affecting the public interest."   The only interest the public has in this matter is that the State's title may be established; but as the State cannot do this by mandamus, neither can its name be used by another for such a purpose.   The private citizen may investigate the title because this is essential to the acquisition of the patent, but the pleading cannot be so drawn as at one and the same time to be a public suit for the purpose of a vacation trial, and a private one for establishing the State's title.   The name of the State can only be used in a mandamus pro-

ceeding where it is really a matter in which the State has an interest, and where the State without any relator would be allowed to maintain the writ. As these things do not here concur, we must regard this as a private suit and the trial in vacation as a nullity. The judgment will be reversed and vacated and the cause remanded for trial at a regular term of the circuit court.

*Judgment accordingly.*